# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:13-CV-00171-FDW-DSC

| | |
|---|---|
| FOREST MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 10) and "Memorandum in Support…" (Doc. No. 11), both filed May 7, 2014; Defendant Commissioner's Motion for Summary Judgment (Doc. No. 12); and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 13) that recommends Plaintiff's Motion be denied, Defendant's Motion be granted, and the Commissioner's decision be affirmed. After Plaintiff filed objections to the M&R (Doc. No. 14), and Defendant filed a response to Plaintiff's objections (Doc. No. 15), this matter is now ripe for review. For the reasons set forth, the Court OVERRULES Plaintiff's objections, ACCEPTS and ADOPTS the M&R, DENIES Plaintiff's Motion for Summary Judgment, GRANTS Defendant's Motion for Summary Judgment, and AFFIRMS the Commissioner's decision.

## I.   BACKGROUND

Plaintiff does not lodge any specific objections to the procedural history section contained in the M&R. Likewise, Plaintiff does not specifically object to the ALJ findings of fact regarding Plaintiff's medical history. Therefore, the portion of the M&R entitled "Procedural History" is hereby adopted and incorporated by reference as if fully set forth herein.

On November 24, 2003, Plaintiff filed an application for a period of disability and Social Security disability insurance benefits ("DIB") under Title II of the Social Security Act alleging that he was unable to work as of March 15, 2003. (Tr. 31).

On September 26, 2006, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled (Tr. 28-39), and Plaintiff did not appeal the Appeals Council's denial of his request for review.

In December 2007, Plaintiff filed a second application for Title II disability insurance benefits, which was denied by the Commissioner. (Doc. No. 11). Plaintiff appealed the Commissioner's decision to the United States District Court for the Western District of North Carolina. See Mitchell v. Astrue, 5:08-cv-70-RLV-CH. Thereafter, on March 6, 2009, the court granted the parties' consent motion to remand. (Id., Doc. No. 15). On rehearing, the ALJ was instructed to:

> Reevaluate the evidence in the record, including the new evidence submitted with the request for Appeals Council review, to determine if Plaintiff's alleged impairments of substance abuse disorder, encephalopathy, and depression are severe impairments; reevaluate the state agency physician's mental residual functional capacity assessment to determine whether Plaintiff's alleged substance abuse disorder, encephalopathy, and depression cause nonexertional limitations; and, obtain evidence from a vocational expert to determine the extent to which Plaintiff's nonexertional limitations, including those experienced as side effects of Plaintiff's medication, erode the occupational base for light work and to determine whether Plaintiff can perform other work that exists in significant numbers in the national or regional economy.

(Id., Doc. No. 13). On July 1, 2010, the Appeals Council remanded the case with specific instructions to further consider certain evidence, including Plaintiff's encephalopathy. (Tr. 493). On April 6, 2011, the ALJ issued a new decision, again denying Plaintiff's claim. (Tr. 665, 673). On July 17, 2012, the Appeals Council remanded the case a second time with instructions to give further consideration to Plaintiff's Residual Functional Capacity ("RFC") and the opinions of

Plaintiff's treating physician, Dr. Reindollar. (Tr. 674). On October 24, 2012, another hearing was held, which resulted in the ALJ issuing another denial of Plaintiff's claim on November 30, 2012. (Tr. 473).

The ALJ found that Plaintiff had not engaged in substantial gainful activity between his alleged onset date of March 15, 2003, and his date last insured on September 30, 2006. (Tr. 460). The ALJ also found that Plaintiff suffered from alcoholism, hepatitis C infection with encephalopathy, cirrhosis of the liver, and degenerative disk disease, which were severe impairments within the meaning of the regulations (Tr. 461) but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, Appt. 1. (Tr. 462). The ALJ then found that Plaintiff retained the RFC to perform light work, as defined in 20 C.F.R. § 404.1567(b),[1] with limitations of a sit/stand option that allowed occasional changes of position; no more than occasional stooping, kneeling, and squatting; and performance of simple, routine, repetitive tasks involving only one or two step instructions. (Tr. 464). Based upon this RFC and the testimony from a Vocational Expert ("V.E."), the ALJ found that Plaintiff could not perform his past relevant work but that there were a significant number of jobs in the regional and national economy that he could perform. (Tr. 471-473). Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 473). Plaintiff's Request for Review by the Appeals Council was denied.

After the Appeals Council denied Plaintiff's request for further administrative review, Plaintiff filed the present action on December 20, 2013. The parties submitted cross dispositive Motions for Summary Judgment, and the Magistrate Judge in the aforementioned M&R held that

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

the ALJ correctly found that Plaintiff was not disabled, as substantial evidence existed to make that ultimate determination.

Plaintiff timely filed an objection to the M&R on three grounds: (1) the ALJ erred in finding that Dr. Reindollar's opinion regarding Plaintiff's encephalopathy was inconsistent with the evidence; (2) the M&R applied flawed reasoning in considering the ALJ's alleged failure to consider the testimony of Plaintiff's wife; and (3) the ALJ failed to mention Plaintiff's need to use the restroom several times a day to the Vocational Expert in the hypothetical question. (Doc. No. 14).

## II. STANDARD OF REVIEW

### A. Review of the Commissioner's Determination

Pursuant to the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner of Social Security is limited to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g) (2006); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Rhyne v. Astrue, 3:09-CV-412-FDW-DSC, 2011 WL 1239800 at *2 (W.D.N.C. Mar. 30, 2011). Furthermore, "it is not within the province of a reviewing court to determine the weight of evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays, 907 F.2d at 1456; Rhyne, 2011 WL 1239800 at *2.

Substantial evidence is "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence that a reasonable mind would accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); Rhyne,

2011 WL 1239800 at 2. Thus, if this Court finds that the Commissioner applied the correct legal standards and that his decision is supported by substantial evidence, the Commissioner's determination may not be capriciously overturned.

### B. Review of the Memorandum and Recommendation

In this case, the M&R recommended that: (1) Plaintiff's Motion for Summary Judgment be denied; (2) Defendant's Motion for Summary Judgment be granted; and (3) the Commissioner's determination be affirmed. The M&R found that there was "substantial evidence to support the ALJ's treatment of the record and hearing testimony, and his ultimate determination that Plaintiff was not disabled." (Doc. No. 13 at 16-17).

The Federal Magistrate Act states that a district court "shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). *De novo* review is not required, however, "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Furthermore, no review is required of those portions of the M&R which are not subject to an objection. Homesley v. Freightliner Corp., 122 F. Supp. 2d 659, 660 (W.D.N.C. 2000) (citing Thomas v. Arn, 474 U.S. 140, 149 (1985)).

Upon careful review of the record, the district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. Camby, 718 F.2d at 200.

## III.   ANALYSIS

### A.  PLAINTIFF'S OBJECTION TO THE M&R

In his brief to this Court, Plaintiff raises three objections, two of which clearly object to the findings of the ALJ: (1) the ALJ erred in finding that Dr. Reindollar's opinion regarding Plaintiff's encephalopathy was inconsistent with the evidence, and (2) the ALJ erred by failing to mention the side-effect of Plaintiff's medication as a limitation to the V.E. in the hypothetical question.  These are objections to the ALJ's findings, not the findings and recommendations in the M&R.  Plaintiff has failed to object to any findings or recommendations made by the M&R regarding these matters, and he merely restates the same arguments made in his motion for summary judgment (Doc. No. 11), which were addressed in the M&R.  Therefore, because Plaintiff has failed to "direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations," Orpiano, 687 F.2d at 47 (*de novo* review required on other grounds), Plaintiff's objections regarding these two matters are merely general and conclusory.  This fact alone provides a basis to affirm the M&R, so long as no clear error appeals.

With respect to Plaintiff's final objection, concerning the ALJ's failure to consider the testimony of Plaintiff's wife, Plaintiff contends that "the M&R's reliance on Grubby was misplaced."  In Grubby v. Astrue, No. 1:09-cv-364, 2010 WL 5553677 (W.D.N.C. Nov. 18, 2010), this Court rejected the argument that an ALJ's failure to explicitly discuss the testimony of a lay witness in his decision requires remand. See id. at *6-8 ("As long as substantial evidence supports the ALJ's conclusion and the ALJ explains why 'significant probative evidence has been rejected,' an ALJ's failure to discuss lay witness testimony constitutes harmless error.") (quoting Vincent v. Heckler, 739 F.2d 1393, 1395) (9th Cir. 1984) (holding that although the ALJ did not discuss the plaintiff's son's testimony in his hearing decision, reversal was not

required because medical evidence supported the ALJ's decision)); Cordell v. Barhart, No. 1:05-cv-281, 2006 WL 5435534, at *3-5 (W.D.N.C. May 19, 2006). Plaintiff bases this argument on his contention that his objection "is not that the ALJ failed to refer 'to every piece of evidence.' It is that he failed to consider highly material which, if believed, changes the outcome." However, Plaintiff cites no authority for this assignment of error. The Court further notes that it has recognized that "[t]he failure to discuss every specific piece of evidence 'does not establish that [the ALJ] failed to consider it.'" Mitchell v. Astrue, No. 2:11-cv-56, 2013 WL 678068, at *7 (W.D.N.C. Feb. 25, 2013) (quoting Elias v. Astrue, No. 3:07-cv-43, 2008 WL 191662, at *21 (N.D. W.Va. Jan. 22, 2008)). Accordingly, this Court finds that the M&R correctly concluded that because substantial evidence supports the ALJ's conclusions, any failure to discuss the wife's testimony is harmless. (Doc. No. 16, p. 16).

### B. FURTHER REVIEW OF THE RECORD

Absent any specific objection to the M&R, this Court will review the M&R's findings and recommendations for clear error. The M&R's review of the Commissioner's decision is limited to: (1) whether substantial evidence supports the Commissioner's decision, Richardson, 402 U.S. at 389; and (2) whether the Commissioner applied the correct legal standards. Hayes, 907 F.2d at 1456.

Based on the Court's finding that two of Plaintiff's three objections to the M&R are actually objections to the ALJ's findings and repeat arguments addressed by the magistrate judge, the Court will review the M&R's findings and recommendations on these two matters for clear error. The first issue to which Plaintiff objects concerning the M&R is whether the ALJ erred in finding that Dr. Reindollar's opinion regarding Plaintiff's encephalopathy was inconsistent with the evidence. (Doc. No. 14). The M&R noted that "[t]he ALJ determined that

Plaintiff's encephalopathy was not disabling by evaluating the opinion evidence in the context of the record as a whole, and based his RFC determination on the opinions he found best supported by the record. (Tr. 468-471)." (Doc. No. 13, p. 13). The M&R discusses in great detail the reasoning behind the ALJ's decision to afford less weight to Dr. Reindollar's opinion. (Doc. No. 13, pp. 6-13). The M&R correctly concludes that the ALJ's reasons for affording less weight to Dr. Reindollar's opinions are supported by substantial evidence. (Doc. No. 13, pp. 11-12).

The final matter to which Plaintiff objects concerning the M&R is whether the ALJ erred by failing to mention Plaintiff's need to use the restroom several times a day to the V.E. in the hypothetical question. (Doc. No. 14, p. 6). The M&R extensively analyzes the ALJ's assessment of evidence from Dr. Reindollar, including Dr. Reindollar's treatment notes that did not reference Plaintiff's need to use the restroom multiple times during the day. (Doc. No. 13, pp. 9-10). Again, as noted above, the M&R provides a thorough discussion of the ALJ's analysis of evidence from Dr. Reindollar and correctly concludes that the ALJ provided adequate reasons for his decisions concerning this evidence. (Doc. No. 13, pp. 9-12).

In sum, the Court is satisfied that substantial evidence supports the ALJ's decision and there is no reversible error. Additionally, where Plaintiff actually objected to the M&R's recommendations, the M&R correctly applied the law in reviewing the ALJ's findings.

### IV.  CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's objections are OVERRULED. The Court hereby ADOPTS the Memorandum and Recommendations of the Magistrate Judge. (Doc. No. 13). Accordingly, the Court DENIES Plaintiff's Motion for Summary Judgment (Doc. No.

10), GRANTS Defendant's Motion for Summary Judgment (Doc. No. 12), and AFFIRMS the Commissioner's decision.

IT IS SO ORDERED.

Signed: September 25, 2014

Frank D. Whitney
Chief United States District Judge